IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRINCIPAL LIFE INSURANCE CO.,                    00-CV-1345-BR
an Iowa corporation; PETULA
ASSOCIATED LTD., an Iowa                          OPINION AND ORDER
corporation; and EQUITY FC
LTD., an Iowa corporation,

       Plaintiffs,

v.

CONSTANCE A. ROBINSON;
CHESTER L. ROBINSON,
individually and as trustee
of the Chester Robinson Trust;
LYNN ROBINSON; KAY BELL;
THEA WOOD; and DEE HANSON,

       Defendants.


MARGARET B. STERN
J. STEPHEN WERTS
Cable Huston Benedict Haagensen & Lloyd
1001 S.W. Fifth Avenue
Suite 2000
Portland, OR 97204-1136
(503) 224-3092

       Attorneys for Plaintiffs


1 - OPINION AND ORDER

**LAINIE F. BLOCK**
**JULIE R. VACURA**
Larkins Vacura, LLP
808 S.W. Third Avenue
Suite 450
Portland, OR 97204
(503) 222-4424

      Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion
Requesting Clarification of Ruling (#166) pursuant to Federal
Rule of Civil Procedure 59.  For the reasons that follow, the
Court **DENIES** Defendants' Motion and directs Plaintiffs to submit
a proposed form of Judgment no later than February 28, 2007.


<u>BACKGROUND</u>

      Defendants brought two Counterclaims in this case in which
they sought reformation of the long-term Ground Lease at issue.
Defendants contended the 99-year Ground Lease should be reformed
to adjust rental payments in the 31st and 61st years by a formula
that included the fair-market value of the land in those years
exclusive of improvements.

      The Counterclaims were tried to the Court on November 7-8,
2006.  The Court issued its Verdict, Findings of Fact, and
Conclusions of Law on November 29, 2006, in which it found in
favor of Plaintiffs.  The Court concluded Defendants had not met

2 - OPINION AND ORDER

their burden to establish either Counterclaim by clear and
convincing evidence.

**STANDARDS**

I.    **Modification of a Pretrial Order.**

Federal Rule of Civil Procedure 16(e) provides:

> After any conference held pursuant to this
> rule, an order shall be entered reciting the
> action taken.  This order shall control the
> subsequent course of the action unless
> modified by a subsequent order.  The order
> following a final pretrial conference shall
> be modified only to prevent manifest
> injustice.

When ruling on whether to modify a pretrial order (PTO), the
court must consider factors including (1) the degree of prejudice
to the moving party resulting from a failure to modify; (2) the
degree of prejudice to the nonmoving party from a modification;
"(3) the impact of a modification at that stage of the litigation
on the orderly and efficient conduct of the case; and (4) the
degree of willfulness, bad faith or inexcusable neglect." *United
States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir.
1981).

II.   **Motion for a New Trial.**

A motion for new trial following a trial to the court is
governed by Federal Rule of Civil Procedure 59(a)(2), which

3 - OPINION AND ORDER

provides in part:

> A new trial may be granted to all or any of
> the parties and on all or part of the issues
> . . . in an action tried without a jury, for
> any of the reasons for which rehearings have
> heretofore been granted in suits in equity in
> the courts of the United States.  On a motion
> for a new trial in an action tried without a
> jury, the court may open the judgment if one
> has been entered, take additional testimony,
> amend findings and conclusions, and direct
> the entry of new judgment.

"There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2):  (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978).

## DISCUSSION

Defendants bring their Motion Requesting Clarification of Ruling pursuant to Rule 59.  Because the Court has not yet entered a judgment in this matter, however, the Court construes Defendants' Motion as a Motion for New Trial pursuant to Rule 59(a).

Ultimately, Defendants seek an order from the Court amending its Verdict, Findings of Fact, and Conclusions of Law to include a conclusion that the rent-escalation provisions of the option to renew in the Ground Lease must include a recalculation of rent based on the fair-market value of the land at the beginning of each twenty-five year period if the lessee elects to renew the

4 - OPINION AND ORDER

Ground Lease after expiration of the initial 99-year term.

According to Plaintiffs, Defendants' Motion raises a new, substantive claim for reformation of the Ground Lease, which is not properly before the Court.  The Court agrees.  Defendants did not raise this issue in their Amended Answer, in the PTO, or during the trial.  Indeed, the issue cannot properly come before the Court at this stage unless the Court allows the PTO to be modified.  *See* Fed. R. Civ. P. 16(e).  The relevant factors set out by the Ninth Circuit for modification of a PTO, however, do not support modification at this stage "to prevent manifest injustice."  *See First Nat'l Bank of Circle*, 652 F.2d at 887. Plaintiffs would be substantially prejudiced by modification of the PTO at this stage because they would be required to defend a new, substantive claim that Defendants did not raise until now. In addition, allowing modification of the PTO after this case has been before the Court for nearly seven years would undermine the orderly and efficient conduct of the case.

In any event, even if this issue were properly before the Court, the Court concludes Defendants' argument would fail on the merits for substantially the same reasons that the Court found against Defendants and in favor of Plaintiffs at trial.  Thus, under the Ninth Circuit's interpretation of Rule 59(a)(2), Defendants have not established and the record does not reflect that a new trial is warranted on the basis of manifest error of

5 - OPINION AND ORDER

law, manifest error of fact, or newly discovered evidence.  *See*
*Brown*, 588 F.2d at 710.


**CONCLUSION**

For these reasons, the Court **DENIES** Defendants' Motion
Requesting Clarification of Ruling (#166).  Because it appears
there are not any remaining issues for the Court to address
before entering judgment, the Court directs Plaintiffs to confer
with opposing counsel and to submit a proposed form of Judgment
no later than February 28, 2007.

IT IS SO ORDERED.

DATED this 14th day of February, 2007.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge