IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRINCIPAL LIFE INSURANCE CO.,                00-CV-1345-BR
an Iowa corporation; PETULA
ASSOCIATED LTD., an Iowa                     OPINION AND ORDER
corporation; and EQUITY FC
LTD., an Iowa corporation,

       Plaintiffs,

v.

CONSTANCE A. ROBINSON;
CHESTER L. ROBINSON,
individually and as trustee
of the Chester Robinson Trust;
LYNN ROBINSON; KAY BELL;
THEA WOOD; and DEE HANSON,

       Defendants.


MARGARET B. STERN
J. STEPHEN WERTS
Cable Huston Benedict Haagensen & Lloyd
1001 S.W. Fifth Avenue
Suite 2000
Portland, OR 97204-1136
(503) 224-3092

      Attorneys for Plaintiffs

LAINIE F. BLOCK

1 - OPINION AND ORDER

**JULIE R. VACURA**
Larkins Vacura, LLP
808 S.W. Third Avenue
Suite 450
Portland, OR 97204
(503) 222-4424

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees (#172) and Bill of Costs (#174).

    For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Attorneys' Fees and awards attorneys' fees to Plaintiffs in the amount of **$275,086.17**.  The Court also **GRANTS in part** and **DENIES in part** Plaintiffs' Bill of Costs and awards costs to Plaintiffs in the amount of **$9,419.42**.

<u>**PROCEDURAL BACKGROUND**</u>

    On September 29, 2000, Plaintiffs brought this diversity action for declaratory judgment seeking the Court's interpretation of a long-term Ground Lease.

    On May 1, 2002, Plaintiffs moved for summary judgment on the ground that the terms of the Ground Lease were unambiguous.  At the same time, Defendants moved for summary judgment on the ground that the action was nonjusticiable, and, therefore, the Court lacked subject-matter jurisdiction.  On September 26, 2002,

2 - OPINION AND ORDER

the Court granted Defendants' Motion for Summary Judgment and denied Plaintiffs' Motion as moot.

On January 6, 2005, the Ninth Circuit reversed and remanded the matter to this Court for reconsideration as to whether the action is justiciable. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665 (9th Cir. 2005).

On August 5, 2005, after remand, Plaintiffs again moved for summary judgment. On February 27, 2006, this Court granted Plaintiffs' Motion and held the Ground Lease unambiguously provides for a re-evaluation of the percentage used to calculate rent in the 31st and 61st years and does not require re-evaluation of any other part of the rent-calculation formula including the per-acre value of the land. The Court also granted Defendants' Motion for Leave to raise any available counterclaims.

Defendant brought two Counterclaims, which were tried to the Court on November 7-8, 2006. On November 29, 2006, the Court issued its Verdict, Findings of Fact, and Conclusions of Law in which it found in favor of Plaintiffs.

On March 16, 2007, Plaintiffs filed this Motion for Attorneys' Fees and Bill of Costs.

## MOTION FOR ATTORNEYS' FEES

### Standards

In a diversity case, a federal court applies state law to

3 - OPINION AND ORDER

decide whether to allow attorneys' fees "when those fees are connected to the substance of the case." *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992).  Under Oregon law, the prevailing party "shall be entitled to reasonable attorney fees in addition to costs and disbursements" in any action based on a contract in which the contract specifically provides that attorneys' fees and costs are to be awarded to the prevailing party.  Or. Rev. Stat. § 20.096(1).  *See also Wilkes v. Zurlinden*, 328 Or. 626, 631-32 (1999).  A "prevailing party is the party who receives a favorable judgment or arbitration award on the claim."  Or. Rev. Stat. § 20.077.  When there is a prevailing party who is entitled to attorneys' fees, the only relevant inquiry is whether the prevailing party's requested attorneys' fees are reasonable.  *See, e.g., Benchmark Nw., Inc. v. Sambhi*, 191 Or. App. 520, 523 (2004)(under Or. Rev. Stat. § 20.096(1), an award of attorneys' fees "is mandatory; the trial court has no discretion to deny it, although it does have discretion as to what amount is 'reasonable.'").  Whether attorneys' fees are reasonable is a factual determination for the trial court.  *See, e.g., Bennett v. Baugh*, 164 Or. App. 243, 247 (1999).

The Court has an independent duty to determine the reasonableness of requested attorneys' fees.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

4 - OPINION AND ORDER

Oregon Revised Statutes § 20.083 provides a prevailing party to a "contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute." Oregon Revised Statutes § 20.075(1)-(2) specifies these statutes apply only to cases in which "an award of attorney fees is authorized by statute" and sets out 16 factors to be considered by a court when awarding attorneys' fees.  As noted below, however, Plaintiffs, as the prevailing party, are entitled to an award of attorneys' fees under the Ground Lease (*i.e.,* the contract between the parties).  Pursuant to *Dockins v. State Farm Insurance Company,* therefore, the Court must consider the following factors to determine whether Plaintiffs' request for attorneys' fees is reasonable:  1) the novelty and difficulty of the questions presented; 2) the skills required to perform the work properly; 3) the fees customarily charged in the locality for similar legal services; 4) the result obtained; 5) the skill, experience, reputation, and abilities of the attorneys performing the services; and 6) whether the fee is fixed or contingent.  330 Or. 1, 5-6 (2000).  After reviewing the factors set out in both *Dockins* and § 20.075(1)-(2), the Court concludes the factors set out in *Dockins* encompass the statutory factors; *i.e.,* the factors are substantially the same, and, therefore, the analysis is identical.

5 - OPINION AND ORDER

## Discussion

The Ground Lease provides:

> In the event any proceeding is brought by
> Lessor to recover rent or other charges due
> and unpaid under this Lease or to recover
> possession of the Leased Premises, or in the
> event any proceeding is brought by either
> Lessor or Lessee against the other to enforce
> or for the breach of any of the terms,
> covenants, conditions or obligations of this
> Lease, the prevailing party shall be entitled
> to recover reasonable attorneys' fees,
> together with costs and disbursements at all
> judicial levels, including any appeals.

It is undisputed that this section of the Ground Lease provides that the prevailing party in any action brought by one party against the other is entitled to attorneys' fees and costs. It is also undisputed that Plaintiffs are the prevailing party in this action.

Plaintiffs request an award of $318,315.85 in fees for a total of 1,652 hours of work performed by attorneys and staff at various hourly billing rates. Defendants, however, contend Plaintiffs are not entitled to fees for which they fail to identify adequately the experience and skill levels of the attorneys and staff; that were billed for duplicative participation in pretrial and trial proceedings; that were billed for duplicative work caused by J. Stephen Werts's move from one law firm to another; and for which Plaintiffs provide insufficient identification of a time entry for attorney work.

Defendants also contend Plaintiffs are not entitled to fees for
the following:  (1) preparation of oppositions to Defendants'
Motions for Leave to bring counterclaims seeking reformation of
the Ground Lease; (2) preparation of a motion for summary
judgment that was never filed against Defendants' Counterclaims
for reformation; (3) a time entry presumably for J. Stephen Werts
that does not identify the work performed; (4) participation in
"fruitless" settlement conferences and mediation sessions; and
(5) preparation of three allegedly duplicative motions (a motion
for summary judgment, a motion to strike, and a motion *in limine*
to exclude evidence).

Although Defendants do not dispute the remaining portions of
Plaintiffs' request, the Court, as noted, has an independent duty
to review Plaintiffs' request for reasonableness.  As the basis
for its analysis, the Court relies on Plaintiffs' log of
"Attorneys' Fee History" submitted as Exhibit A in support of
Plaintiffs' Motion.

**I.    Preliminary Matter.**

As noted, Plaintiffs request $318,315.85 in fees for a total
of 1,652 hours of work performed by attorneys and staff.  After
reviewing the hours and fees requested by Plaintiffs based on
Exhibit A to Plaintiffs' Motion, the Court finds support for only
$315,826.17 in fees based on 1,620.05 hours of attorney and staff

time.  The Court, therefore, begins its analysis with those
figures.

## II.  Insufficient Identification of Experience and Skill Levels of Attorneys and Staff.

Defendants point out that Plaintiffs have failed to identify
the experience or skill levels of the following 14 attorneys who
billed for work performed on various motions and who contributed
to mediation and settlement efforts:  Randall Bateman, T. Brooks,
Stuart Brown,  K. Dobson, Susan Felstiner, Karl Hausafus, Linda
Johannsen, Lindsay Kandra, J. E. Kennedy, G. Kevin Kiely, Greg
Miner, Chad Stokes, Edward Sullivan, and Chad Wilton.  Defendants
also contend Plaintiffs have not provided information as to the
experience or skill levels of the following legal assistants
and/or paralegals who billed time for work performed in this
case:  Janet Duncan, Michele Bradley, Gary Messer, M. S. Kelly,
Sarah Munro, and Donna Harris.

Because Plaintiffs failed to identify the skill levels and
experience of these attorneys and staff, Defendants dispute the
reasonableness of the fees related to their services.

### A.    Attorneys' Fees.

The experience, reputation, and ability of those
performing legal services are critical elements for determining
the reasonableness of an award of attorneys' fees. *Dockins*, 330
Or. at 5-6.  Plaintiffs, however, provide scant information about

8 - OPINION AND ORDER

the experience and skill levels for the attorneys whose fees are
at issue.  Thus, it is difficult for the Court to assess properly
whether those fees are reasonable.  For example, Plaintiffs
merely note Kiely and Felstiner are partners who assisted in
trial preparation and mediation efforts; Stokes and Kandra are
associates who assisted with research; Hausafus had a billing
rate ranging from $105.00 to $150.00 per hour; and Miner, Brown,
Johannsen, Kennedy, Wilton, Bateman, and Sullivan "assisted with
this matter within their areas of expertise."  Moreover,
Plaintiffs fail to provide a description of each individual's
years of experience, area of expertise, skill levels, or any
other information that would enable the Court to determine
whether these fees are reasonable.  The Court notes Plaintiffs
state in their Reply that they "are prepared to argue at an
evidentiary hearing, with expert testimony, that the fees are
reasonable."  Nonetheless, Local Rule 54.3(b) provides "any
motion for attorney fees must set forth the relevant facts and
arguments of the moving party, along with all supporting
authorities and affidavits."  Thus, the Court is not obliged to
conduct an evidentiary hearing so that Plaintiffs may supplement
the record with fundamental information that should have been
included with their moving papers.

        Although these billings lack the fundamental support to
determine reasonableness, the Court concludes it is appropriate

to rely on the hourly rates set out in the Oregon State Bar 2002
Economic Survey and the Oregon State Bar 1998 Economic Survey[1]
that correspond to the length of time the attorney has practiced
law based on the attorney's year of admission to the Oregon State
Bar. *See Frederickson v. Consol. Supply Corp.,* No. CV-05-1704-
BR, 2006 WL 752587, at *3 (D. Or. Mar. 21, 2006)(to determine the
reasonable hourly rate of attorneys, this Court uses the Oregon
State Bar 2002 Economic Survey and the Oregon State Bar 1998
Economic Survey as its initial benchmarks depending on the date
the legal services were rendered).

        Accordingly, the Court declines to deny Plaintiffs'
request for attorneys' fees for Randall Bateman, T. Brooks,
Stuart Brown, K. Dobson, Susan Felstiner, Karl Hausafus, Linda
Johannsen, Lindsay Kandra, J. E. Kennedy, G. Kevin Kiely, Greg
Miner, Chad Stokes, Edward Sullivan, and Chad Wilton on the
ground that Plaintiffs failed to provide sufficient information
as to the experience and levels of skill of these attorneys.

**B.    Fees for Paralegals and Legal Assistants.**

        Plaintiffs did not provide the Court with the
experience, skill levels, or any other information that would
enable the Court to determine the reasonableness of the fees

---

        [1] Available at: https://www.osbar.org/surveys_research/
econsurv02/econsurvey02.html and https://www.osbar.org/
surveys_research/98econsurvey/1998economicsurvey.html
respectively.

10 - OPINION AND ORDER

requested for the work performed by paralegals and legal
assistants Duncan, Bradley, Messer, Kelly, Munro, or Harris.  In
addition, the Court cannot look to the Ground Lease because it
did not authorize recovery of such fees.  *See, e.g., Summit Prop.
v. New Tech. Elec. Contractors, Inc.*, No. 03-CV-748-HA, 2005 WL
2104960, at *1 (D. Or. Aug. 30, 2005)(court interpreted a lease
agreement that expressly provided for the recovery of paralegal
fees).

Accordingly, the Court denies Plaintiffs' request for
fees for work performed by paralegals and legal assistants.

**III. Reasonableness of Hourly Rates.**

As noted, when determining the reasonableness of the hourly
rates requested by Plaintiffs, the Court relies on the hourly
rates set out in the Oregon State Bar 2002 Economic Survey and
the Oregon State Bar 1998 Economic Survey that correspond to the
length of time the attorney has practiced law based on the
attorney's year of admission to the Oregon State Bar.  The Court
notes, however, that by the time the Court issued its Verdict in
2006, the rates in the 2002 Economic Survey were four years old
and the rates in the 1998 Economic Survey were eight years old.
In *Bell v. Clackamas County,* the Ninth Circuit criticized the use
of outdated economic surveys because they may not reflect the
prevailing rate at the time the award is made.  341 F.3d 858,
868-89 (9th Cir. 2003).  The Court, therefore, concludes the

11 - OPINION AND ORDER

benchmark set by the Oregon State Bar 2002 Economic Survey should be adjusted by an annual three percent (3%) inflation factor for the years between the publication of the survey and the resolution of the litigation in 2006.

As to work performed before 2002, the Court relies on the hourly rates indicated in the Oregon State Bar 1998 Economic Survey.  The Court determines the appropriate hourly rates by calculating the annual average percentage increase in the hourly rates between the 1998 and 2002 Economic Surveys and increasing the average hourly rate for each year between 1998 and 2002 by that percentage.[2]  In addition, when Plaintiffs request a rate that is equal to or less than the rate allowed by the applicable survey rate as adjusted for inflation, the Court awards the lower amount requested.  Finally, beginning with the 2002 Economic Survey, the Oregon State Bar broke the applicable hourly rates into tiers:  Average, Median, 25th Percentile, 50th Percentile, 75th Percentile, and 95th Percentile.  Because Plaintiffs failed to provide the Court with information regarding the levels of skill or experience of many of the attorneys, the Court will apply the "Average" rate for those attorneys who had a significant number of years of experience (ten years or more) at the time they worked on this matter and apply the "25th

---

[2] *See* Exhibit 1 for a summary of the rates requested by Plaintiffs and the actual rates allowed.

Percentile" rate for those attorneys who had less than ten years of experience at the time they worked on this matter.

Based on this analysis as set forth in detail in Exhibit 1 to this Opinion and Order, the Court awards attorneys' fees as follows:

(1) J. Stephen Werts at rates between $203.34 and $258.52 per hour,

(2) Karl Hausafus at rates between $105 and $132.87 per hour,

(3) Linda Johannsen at rates between $166.76 and $192.61 per hour,

(4) Chad Wilton at a rate of $116.88 per hour,

(5) Randall Bateman at a rate of $217.34 per hour,

(6) Edward Sullivan at rates between $214.36 and $223 per hour,

(7) Greg Miner at a rate of $213 per hour,

(8) John E. Kennedy at a rate of $145 per hour,

(9) Stuart Brown at a rate of $227 per hour,

(10) Kenneth Dobson at rates between $121.50 and $125 per hour,

(11) G. Frank. Hammond at rates between $195 and $225 per hour,

(12) Richard Lorenz at rates between $135 and $163.20 per hour,

(13) Chad Stokes at a rate of $135 per hour,

(14) Lindsay Kandra at a rate of $135 per hour,

(15) Robin Bellanca at a rate of $135 per hour,

13 - OPINION AND ORDER

(16) G. Kevin Kiely at a rate of $248.05 per hour,

(17) Margaret B. Stern at a rate of $200 per hour, and

(18) Susan Felstiner at a rate of $210.47 per hour.

The Court is unable to find "T. Brooks" in the 2007 Oregon State Bar Membership Directory and, therefore, does not award Plaintiffs any attorneys' fees for his or her services.

**IV.  Duplication of Attorney Time.**

Defendants contend the attorneys' fees requested by Plaintiffs should be reduced significantly because some of those fees are for duplicated efforts at the court trial and for inefficiencies resulting from J. Stephen Werts's move from one law firm to another.

**A.  <u>Court Trial and Pretrial Work Performed by Werts</u>.**

Plaintiffs request attorneys' fees for Werts's 71.8 hours billed at various rates for work performed between July 17, 2006, and November 8, 2006, relating to the court trial.

Defendants, however, argue a reduction in attorneys' fees is warranted for pretrial and trial work performed by Werts. Defendants contend Werts's efforts were largely duplicative of Stern's efforts, and, therefore, challenge the number of hours incurred by Werts.  Although Werts attended the entire court trial, Plaintiffs acknowledge Stern handled the vast majority of witness examination as well as opening arguments and other trial-related duties.  Nevertheless, Plaintiffs maintain Werts's

14 - OPINION AND ORDER

participation in pretrial and trial activities was necessary because Werts had been involved in this matter since its inception and had extensive knowledge of the case.  The Court agrees.  It was reasonable for Plaintiffs to rely on the continuity of Werts's involvement over the months and years this case was pending when, through no fault of Plaintiffs, many months passed during Plaintiffs' successful appeal.

Accordingly, the Court declines to reduce Plaintiffs' requested hours for Werts's pretrial and trial work on the ground of duplication of effort.

B.  **Werts's Change of Law Firms.**

As noted, Werts has been involved with this case since its inception.  Werts initially was a partner at Preston Gates and Ellis before moving to his present firm, Cable Huston Benedict Haagensen & Lloyd.  Defendants contend Werts's move in 2003 generated inefficiencies stemming from the fact that a new group of lawyers was required to familiarize themselves with this matter.  Defendants assert any attorneys' fees related to Werts's relocation, therefore, are unreasonable and should not be borne by Defendants.

The Court agrees it is not objectively reasonable to charge Defendants for specific inefficiencies and duplicative work generated by a change of law firms by one of Plaintiffs' lead attorneys.  *See Dockins*, 330 Or. at 5-6.  Although

15 - OPINION AND ORDER

Defendants assert such inefficiencies occurred after Werts
changed law firms, the Court's review of Plaintiffs' Exhibit A to
their Motion does not reveal any billings that are readily
classifiable as inefficient or duplicative.  In general,
Plaintiffs rely on the lengthy, complex nature of this matter to
support their position that multiple attorneys necessarily have
been involved in the efforts to bring this matter to resolution.
Moreover, Defendants do not identify any specific instances of
redundant billing generated by Werts's move.

Thus, on this record, the Court does not have any basis
to conclude Plaintiffs incurred additional attorneys' fees as a
result of inefficiencies due to Werts's change in law firms.
Accordingly, the Court declines to reduce Plaintiffs' requested
fees on this ground.

**V.    Unidentified Time Entry for Werts.**

Defendants contend Plaintiffs are not entitled to attorneys'
fees for an entry in the time logs dated July 30, 2002, for work
presumably performed by Werts.

Plaintiffs identify the July 30, 2002, entry as follows:
"We were unable to find page 8 of this record after searching
Preston Gates (Werts's former firm) files and [Plaintiffs']
files.  This reflects the unitemized fees on this statement."
Sholian Decl., Ex. A at 10.  Thus, Plaintiffs do not have any
information as to who actually performed these services.  The

Court, therefore, has no objective basis to ascertain whether these fees are reasonable.

Accordingly, the Court denies Plaintiffs' request for attorneys' fees related to this unidentified July 30, 2002, time entry.

## VI.  Opposition to Defendants' Motions for Leave to Bring Counterclaims.

Defendants contend Plaintiffs are not entitled to attorneys' fees related to Plaintiffs' oppositions to Defendants' Motions for Leave (#79 and #131) to Amend their Answer by adding counterclaims for reformation of the Ground Lease.  As noted, on August 9, 2002, Defendants filed a Motion for Leave (#79) to file an amended Answer in order to bring counterclaims for reformation of the Ground Lease.  On September 26, 2002, the Court granted Defendants' Motion for Summary Judgment and denied Defendants' Motion for Leave as moot.  After the Ninth Circuit remanded this action, Defendants again filed a Motion for Leave to File an Amended Answer (#131) to bring counterclaims for reformation of the Ground Lease.  It is undisputed that Plaintiffs incurred attorneys' fees prior to the Ninth Circuit's ruling related to their opposition to Defendants' first Motion for Leave to file an amended Answer and that Plaintiffs incurred additional attorneys' fees following the Ninth Circuit's remand related to opposing Defendants' second Motion for Leave to file an Amended Answer.

As an initial matter, Defendants contend the Court should

17 - OPINION AND ORDER

deny Plaintiffs' request for attorneys' fees related to
Plaintiffs' oppositions to both Motions for Leave because the
Court granted Defendants' second Motion for Leave and probably
would have granted their first Motion if it had not been moot.
Thus, Defendants argue Plaintiffs are not entitled to attorneys'
fees because their oppositions were not successful.  As noted,
however, reasonableness rather than the success of a particular
motion is the dispositive inquiry when determining whether to
award attorneys' fees to a prevailing party.  *See Benchmark Nw.,
Inc.*, 191 Or. App. at 523.

In the alternative, Defendants contend Plaintiffs are not
entitled to attorneys' fees for their opposition to Defendants'
second Motion for Leave because Plaintiffs were on notice for a
lengthy period that Defendants would file a Motion for Leave to
amend their Answer and Plaintiffs did not establish they would be
prejudiced if the Court granted such leave.

Federal Rule of Civil Procedure 15 gives the Court wide
discretion to grant motions for leave to amend when justice so
requires.  Plaintiffs opposed Defendants' second Motion for Leave
on the grounds that Plaintiffs would be prejudiced and discovery
would need to be reopened if the Motion were granted.  On
February 28, 2006, the Court granted Defendants' Motion for Leave
to amend their Answer over Plaintiffs' objection and found
Plaintiffs were not subject to undue prejudice, amendment would

18 - OPINION AND ORDER

not be futile, and amendment was not barred by laches. Moreover, the Court concluded little, if any, new discovery would be necessary at that stage of the litigation.

Nevertheless, the Court concludes Plaintiffs, like parties to any litigation, were entitled to oppose Defendants' attempts to add counterclaims at the pertinent stages of this case. Moreover, the record does not reflect a basis for the Court to conclude otherwise nor do Defendants offer any evidence that would rebut the Court's conclusion.

Thus, the Court finds the fees incurred by Plaintiffs for their oppositions to Defendants' Motions for Leave are reasonable based on the experience and skill levels of the attorneys who worked on these motions (J. Stephen Werts, Karl Hausafus, Linda Johannsen, Richard Lorenz, G. Frank Hammond, and Chad Stokes) and also finds the number of hours expended are reasonable under the circumstances of this case. Accordingly, the Court declines to deny Plaintiffs' request for attorneys' fees incurred for their oppositions to Defendants' Motions for Leave.

**VII. Motion for Summary Judgment Against Defendants'
      Counterclaims that Was Not Filed.**

Defendants contend Plaintiffs are not entitled to attorneys' fees for 78.4 hours of time spent by J. Stephen Werts (6.2 hours) and Margaret Stern (72.2 hours) in preparing a motion for summary judgment that was not filed.

In a telephone conference held July 17, 2006, the Court

19 – OPINION AND ORDER

advised it would not entertain any further dispositive motions due to the late stage of the litigation.  The Court notes Plaintiffs' last time entry for this motion was July 14, 2006, which was three days before the telephone conference.  Thus, the work on Plaintiffs' motion was completed before they knew whether the Court would permit additional dispositive motions before trial.  Because of the length of time that had already elapsed since the beginning of this case and the fact that two rounds of dispositive motions had already been allowed, the Court finds it was unreasonable for Plaintiffs to incur attorneys' fees related to preparing another dispositive motion without ensuring that they would be allowed to file same.  The Court, therefore, finds under these circumstances that Plaintiffs assumed the risk of incurring these fees.

Accordingly, the Court declines to award attorneys' fees for the 78.4 hours incurred by Plaintiffs for the preparation of a dispositive motion before they knew whether the Court would allow any additional motions.

**VIII. Participation in Settlement Conferences and Mediation Sessions.**

Defendants contend Plaintiffs are not entitled to attorneys' fees for 82.95 hours spent participating in settlement discussions and/or mediation sessions pertaining to this action.

The record reflects Plaintiffs' attorneys prepared for and attended a settlement conference with the Honorable Donald C.

20 - OPINION AND ORDER

Ashmanskas on June 13, 2002; prepared for and attended settlement
and/or mediation efforts with staff of the Ninth Circuit Court of
Appeals between June 18, 2003, and July 30, 2003; prepared for
and attended mediation on December 2, 2005; and engaged in
limited settlement discussions between December 11, 2006, and
January 23, 2007.  Defendants do not object to the number of
hours or the rates that Plaintiffs set out to support their
request, but Defendants contend Plaintiffs are not entitled to
these attorneys' fees because they did not make a good-faith
effort to settle this action or to reach an amicable resolution
at any time despite Defendants' willingness to do so.  Plain-
tiffs, in turn, deny they failed to negotiate in good faith to
reach a settlement and assert Defendants were recalcitrant and
unwilling to settle the matter.

　　In an action that has been going on for many years like this
one, it is likely that both parties have taken various stances
toward settlement over time.  On this record, however, the Court
does not have any basis to conclude that either party failed to
negotiate in good faith.

　　Accordingly, the Court declines to deny Plaintiffs' request
for the 82.95 hours spent in settlement discussions or mediation
sessions related to this matter.

**IX. Duplicative Motions.**

　　**A.    <u>Plaintiffs' Second Motion for Summary Judgment (#127)</u>.**

Defendants contend Plaintiffs' Motion for Summary Judgment (#127) was duplicative of an earlier Motion for Summary Judgment (#47).  Thus, Defendants contend Plaintiffs are not entitled to attorneys' fees related to the second Motion for Summary Judgment.

As noted, on May 1, 2002, Plaintiffs and Defendants filed Motions for Summary Judgment (#47 and #52 respectively). On September 26, 2002, the Court granted Defendants' Motion for Summary Judgment and denied Plaintiffs' Motion for Summary Judgment as moot.  After remand, the Court concluded it had subject-matter jurisdiction.  Plaintiffs then filed their second Motion for Summary Judgment (#127) in which they again argued the relevant provisions of the Ground Lease were unambiguous as a matter of law.  On August 5, 2005, the Court granted Plaintiffs' Second Motion for Summary Judgment.

There is some authority to support Defendants' argument that the Court should not award attorneys' fees based on duplicated steps in litigation.  In *Kahn v. Canfield*, for example, the Oregon Supreme Court reduced an award of attorneys' fees to a prevailing plaintiff by almost 25% because the plaintiff requested attorneys' fees related to work performed on a petition for review memorandum that was substantially similar to and appeared to duplicate a large portion of an earlier memorandum submitted to the Oregon Court of Appeals in the same

case. 330 Or. 10, 12-15 (2000). The plaintiff already had received an award of attorneys' fees for work performed on his earlier memorandum when the Oregon Court of Appeals heard the case. *Id.* at 13 n.3. The Oregon Supreme Court reasoned the request for attorneys' fees, therefore, was not entirely reasonable because the plaintiff's memorandum generally repeated arguments for which the plaintiff "already h[ad] been compensated." *Id.* at 15.

This matter, however, is distinguishable from *Kahn*. Although the supporting documents submitted with Plaintiffs' Motion for Attorneys' Fees indicate Plaintiffs used their first Motion for Summary Judgment as a starting point for their second Motion, Plaintiffs also "review[ed the] law[,] facts and responsive arguments"; outlined a new memorandum in support of summary judgment; drafted the memorandum to incorporate the Ninth Circuit's opinion; and drafted supporting documents, analyzed discrete legal issues pertaining to specific evidentiary arguments, and revised the memorandum several times before filing their second Motion for Summary Judgment. Thus, Plaintiffs appear to have engaged in substantially more effort for their second Motion than the *Kahn* plaintiffs. More significantly, Plaintiffs do not request and never have requested any attorneys' fees for billings from January 31, 2002, to June 3, 2002, which encompasses the period when Plaintiffs were preparing their first

Motion for Summary Judgment.

Accordingly, the Court declines to deny Plaintiffs'
request for attorneys' fees related to preparation of their
second Motion for Summary Judgment.

**B.    Plaintiffs' Motion to Strike (#67) and Motion *in Limine*
to Exclude Evidence (#154).**

Defendants also contend Plaintiffs are not entitled to
attorneys' fees for work related to their Motion to Strike (#67)
filed on July 3, 2002, or attorneys' fees for work related to
their Motion *in Limine* to Exclude Evidence (#154) filed on
October 16, 2006.

On September 26, 2002, the Court denied as moot
Plaintiffs' Motion to Strike (#67) in which Plaintiffs objected
to evidence submitted with Defendants' Motion for Summary
Judgment (#52).  After the Ninth Circuit remanded this case,
Plaintiffs filed a Motion *in Limine* to Exclude Evidence (#154)
before trial in which they objected to the same evidence that was
the subject of their previous Motion to Strike.  Defendants
assert Plaintiffs are not entitled to attorneys' fees for either
Motion because both were unsuccessful.  As noted, however, the
success of a particular motion is not dispositive.  The only
relevant inquiry is whether the party seeking attorneys' fees
prevailed, which Plaintiffs irrefutably did, and whether
Plaintiffs have met their burden to show their requested fees are

24 - OPINION AND ORDER

reasonable.  *See Benchmark Nw., Inc.*, 191 Or. App. at 523.

        Defendants also assert Plaintiff's Motion *in Limine* is
duplicative of their earlier Motion to Strike, and, therefore,
the Court should deny Plaintiffs' request for attorneys' fees for
work performed on the Motion *in Limine*.  As noted, however,
Plaintiffs filed their Motion *in Limine* in light of the Ninth
Circuit remand.  The Court, therefore, finds Plaintiffs' Motion
*in Limine* to Exclude Evidence was not duplicative of their Motion
to Strike, which preceded remand.  Accordingly, the Court
declines to reduce Plaintiffs' requested fees on the grounds that
these Motions were duplicative.

**X.    Summary**.

        Plaintiffs are entitled to attorneys' fees as the prevailing
party and have requested $318,315.85 in fees for work performed
by attorneys and staff.

        In accordance with the Court's conclusions herein, the
following reductions to Plaintiffs' requested fees for work
performed by attorneys and staff are warranted:

        (1) fees for work performed by T. Brooks whose skill level
or experience is not identified;

        (2) fees for work by paralegals and legal assistants because
they are not supported with necessary details and not authorized
by the Ground Lease;

        (3) fees for an unidentified time entry for 9.9 hours of

attorney work presumably performed by Werts; and

(4) fees for work performed on a motion for summary judgment after remand but before receiving leave of Court to file same.

In addition, the Court has awarded fees as to those attorneys whose experience and levels of skill were not provided by Plaintiffs based on adjustments of the hourly rates set out in the Oregon State Bar 2002 Economic Survey and the Oregon State Bar 1998 Economic Survey as indicated in Exhibit A.

The Court also has reviewed the hourly rates and time spent by attorneys whose fees were not challenged by Defendants and concludes these fees accurately reflect the respective attorneys' skill levels and years of experience in this locality.

Accordingly, the Court awards a total of **$275,086.17** in attorneys' fees to Plaintiffs.


## PLAINTIFFS' BILL OF COSTS

### Standards

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920. *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)). *See also In re Melridge,*

26 - OPINION AND ORDER

*Inc. Sec. Litig.*, 154 F.R.D. 260, 261 (D. Or. 1994).

## Discussion

Plaintiffs seek $4,486.60 in deposition costs, $4,932.82 in photocopying costs, $148.49 in long-distance costs, and $46.52 in postage costs for a total of $9,614.43.

Defendants contend Plaintiffs are not entitled to $532.25 for a transcript of the July 31, 2002, deposition of Roger Fagerholm; $424.00 for a November 27, 2002, hearing; $161.70 for a transcript of an August 15, 2003, proceeding for a total of $1,117.95; and $3,000 for daily transcripts of the November 7 and 8, 2006, court trial. In particular, Defendants maintain these costs were not necessary because neither the deposition nor the court proceedings were pertinent to any of the summary-judgment motions or necessary for trial.

A court may tax "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). *See also* Fed. R. Civ. P. 54(d)(1). Transcripts of depositions and court proceedings need not have been used at trial to be "necessarily obtained for use in the case." *See Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 19990). Here Plaintiffs have asserted the disputed transcripts were used in furtherance of dispositive-motion practice and in pursuit of a verdict in their favor. In light of the length and complexity of this case, the Court

27 - OPINION AND ORDER

concludes it was reasonable for Plaintiffs to obtain these
transcripts for use at various stages in the litigation.  The
record does not reflect any basis for the Court to conclude
otherwise nor do Defendants provide any evidence that would rebut
this conclusion.

The cost of photocopying necessarily obtained for use in a
case is provided for under § 1920(4).  The record reflects
Plaintiffs incurred costs of $4,932.82 for photocopying between
October 31, 2000, and February 19, 2007.  In light of the length
of this case, the Court finds these costs to be reasonable.

Costs for long-distance charges and postage, however, are
not expressly provided for under § 1920.  Thus, the Court will
not tax $148.49 in long-distance charges and $46.52 in postage to
Defendants.

Accordingly, the Court reduces Plaintiffs' request by
$195.01 and awards costs to Plaintiffs in the amount of
**$9,419.42**.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in
part** Plaintiffs' Motion for Attorneys' Fees (#172) and awards
attorneys' fees to Plaintiffs in the amount of **$275,086.17**.
The Court also **GRANTS in part** and **DENIES in part** Plaintiffs' Bill

of Costs (#174) and awards costs to Plaintiffs in the amount of
**$9,419.42.**

    IT IS SO ORDERED.

    DATED this 26th day of June, 2007.


        /s/ Anna J. Brown

       _____
       ANNA J. BROWN
       United States District Judge